UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SOUTHERN IMAGING, LLC, ET AL. | CIVIL ACTION |
| VERSUS | NO: 07-3741 |
| VICTOR L. TERRY, ET AL. | SECTION: "A" (5) |

**ORDER AND REASONS**

Before the Court is a **Motion to Transfer Venue (Rec. Doc. 3)** filed by Defendants, Victor L. Terry, d/b/a/ The Law Offices of Vic Terry, P.C. and Law Offices of Vic Terry P.C. Plaintiffs, Southern Imaging, LLC and Brian Fornea, oppose the motion. The motion, set for hearing on August 22, 2007, is before the Court on the briefs without oral argument. For the reasons that follow the motion is **DENIED**.

**I.     BACKGROUND**

The instant dispute arises out of an oral agreement between Plaintiffs and Defendants to provide echocardiogram testing, a reading of the echocardiogram test by a board certified cardiologist with Level II and III echocardiogram training, and a completion of the green form or blue form on behalf of Defendants' clients as required by the American Home Products Class Action litigation for Redux and Pondimin ("Fen Phen"). (Pla. Compl. ¶ 2.) This agreement was memorialized in writing on June 19, 2002. (*Id.*) Pursuant to the service contract, Defendants agreed to pay Plaintiffs $1,650.00 per test performed on behalf of each of the 141 patients who were clients of Defendants. (*Id.* at ¶ 4.) This payment was to be made for every client who received testing and ultimately received a settlement. (*Id.*) The contract further provided that Defendants agreed to pay

an initial payment of $775.00 per client, deferring the final payment of $875.00 per client to be paid at the time Defendants received compensation in connection with their clients' Fen Phen litigation claims.  (*Id.* at ¶ 5.)

Plaintiffs allege that they completed the echocardiogram testing for Defendants' clients as agreed in the contract, the findings of which were read by board-certified cardiologists hired by Plaintiffs who also completed the requisite forms for use in the Fen Phen litigation.  (*Id.* at ¶ 6.)  According to Plaintiffs, the total value of services provided pursuant to the service contract was $232,650.00.  (*Id.* at ¶ 7.)  Defendants paid an initial payment of $109,275.00, representing the $775.00 owed for all 141 patients.  (*Id.*)  Plaintiffs aver that following completion of the testing, Defendants used the test results through participation by their clients in the class action and/or individual lawsuits involving Fen Phen.  (*Id.* at ¶ 8.)

Plaintiffs state that beginning in early 2006, their attorney of record contacted Defendants regarding the status of the settlement proceeds, the receipt of which would trigger the final payment of the deferred fees, valued at $123,375.00.  (*Id.* at ¶ 9.)  Defendants failed to transmit payment to Plaintiffs at this time.  (*Id.*)  Plaintiffs made formal demand against Defendants for the balance of the deferred fees on or about May 15, 2007, to which there was no response.  (*Id.* at ¶ 10.)  A balance of $123,375.00 remains owed.  (*Id.*)

As a result, Plaintiffs filed the instant suit in the 22nd Judicial District Court for the Parish of St. Tammany, Louisiana, alleging breach of contract and failure to pay on open account in connection with medical services provided to Defendants' clients. (Pla. Mem. in Opp. p. 1.)  This action was timely removed to the Eastern District of Louisiana on July 17, 2007.  (Def. Mem. in

Supp. p. 1.)

Defendants move to transfer venue to the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1404(a). Plaintiffs oppose the motion.

## II.   **DISCUSSION**

The party seeking a § 1404(a) transfer has the burden of establishing that the case should be transferred. *Mohamed v. Mazda Motor Corp.*, 90 F.Supp.2d 757, 768 (E.D. Tex. 2000) (citing *Time, Inc. v. Manning*, 366 F.2d 690 (5th Cir. 1996); *Gundle Lining Construction Corp. v. Fireman's Fund Ins Co.*, 844 F.Supp. 1163, 1165 (S.D. Tex. 1994)). Section 1404(a) dictates:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a).

The determination of "convenience" turns on a number of private and public interest factors, none of which is given dispositive weight. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (citing *Action Indus., Inc. v. U.S. Fidelity & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004); *Syndicate 420 at Lloyd's London v. Early Am. Ins. Co.*, 796 F.2d 821, 827 (5th Cir. 1986)). The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id.* (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n. 6, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981)). The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the

3

familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.  *Id.* (citing *Piper*, 454 U.S. at n. 6).

Ordinarily, a strong presumption exists in favor of Plaintiff's choice of forum, which may be overcome only when the private and public interest factors clearly point toward trial in the alternative forum.  *Schexnider v. McDermott Int'l, Inc.*, 817 F.2d 1159, 1163 (5th Cir. 1987) (citing *Piper*, 454 U.S. at 255).  As such, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."  *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947).  In this case, the private and public interest factors do not point clearly toward trial in the Northern District of Texas.

In support of their motion to transfer venue, Defendants advance some strong arguments. For instance, Defendants reside within and conduct business in Dallas, Texas, which is located within the Northern District of Texas.  (Def. Mem. in Supp. p. 2.)  Moreover, Defendants aver that the written agreement, although drafted in Louisiana, was forwarded to Defendants in Dallas, Texas, "where it was allegedly signed."  (*Id.*)  Defendants assert that all testing forming the basis of services performed by Plaintiffs for the benefit of Defendants was performed in Dallas.  (*Id.*) Additionally, Defendants argue that all individuals upon whom the testing was performed reside within the state of Texas, and that any depositions of these individuals will be conducted within the state of Texas.  (*Id.* at p. 2-3.)  Defendants further state that the "majority, if not all," of the documentation upon which Defendants will rely during depositions and trial is located in Dallas. (*Id.*)  Finally, Defendants allege that the "large majority if not all of Defendants' witnesses are

4

unwilling to testify in the current forum and are beyond compulsory process of this court." (*Id.*) (citing Fed. R. Civ. P. 45).

The Court is not persuaded by Defendants' arguments and holds that Defendants have not satisfied their burden of demonstrating that the private and public interest factors clearly point toward trial in the Northern District of Texas. Indeed, Plaintiffs offer excellent points in opposition to the transfer. Plaintiffs explain that they initially chose St. Tammany Parish, Louisiana, as it is the forum where Plaintiffs are located and business is conducted, where the contract was perfected, where the payments were sent, and where the alleged damage was incurred due to Defendants' breach of contract. (Pla. Mem. in Opp. p. 3.) Defendants do not argue that venue is improper. (*Id.* at p. 2.)

Plaintiffs concede that inconvenience to a party or material witness is a factor to be considered pursuant to § 1404(a); however, they challenge that it represents "but one factor to be considered." (*Id.*) Plaintiffs contend that Defendants have "failed to identify a single 'material witness' who is beyond the subpoena power of this jurisdiction or who may be called to testify at trial." (*Id.*) As a general proposition, "the moving litigant must make more than a general allegation that the key witnesses are inconveniently located." *Mohamed*, 90 F.Supp.2d at 775 (citing *Robertson v. Kiamichi R. Co., LLC*, 42 F.Supp.2d 651, 657 (E.D. Tex. 1999); *Dupre v. Spanier Marine Corp.*, 810 F.Supp. 823, 825 (S.D. Tex. 1993); 15 WRIGHT, MILLER, & COOPER, § 3851 at 425). Rather, the moving party must "specifically identify key witnesses and outline the substance of their testimony." *Id.* (citing *Hupp v. Siroflex of America, Inc.*, 848 F.Supp. 744, 749 (S.D. Tex. 1994); *Dupre*, 810 F.Supp. at 825). Defendants have failed to so identify.

Additionally, according to Plaintiffs, the "crux of this case," a contract dispute, does not require the testimony of any persons not already a party to this suit. (*Id.* at p. 4.) Plaintiffs observe that none of the 141 clients who were tested participated in the negotiation or execution of the contract for Plaintiffs' services. (*Id.*) Moreover, Plaintiffs reason that only Victor Terry, on behalf of the 141 clients and the Law Firm of Vic Terry, and Brian Fornea, operating manager of Southern Imaging, participated in the negotiation and perfection of the contract for services, and only Victor Terry made the initial payments on behalf of those 141 clients. (*Id.*) Consequently, Plaintiffs argue that only Fornea and Terry will be able to testify as to the contract, rather than the client, non-party witnesses. (*Id.*) Plaintiffs maintain that no non-party witnesses can testify as to these matters pursuant to hearsay rules; therefore, there are no non-party material witnesses inconvenienced by venue in the Eastern District of Louisiana. (*Id.* at p. 4-5.)

Plaintiffs charge Defendants with seeking transfer based solely on the personal inconvenience Defendants may endure. (*Id.* at p. 5.) However, "transfers are not granted when it will merely shift the inconvenience from the defendant to the plaintiff." *Dupree v. Valero Energy Corporation*, 03-1834, 2003 WL 22466234, *4 (E.D. La. Oct. 29, 2003) (citing 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3848 (2d ed. 1986)). Plaintiffs argue that Louisiana is not inconvenient to Defendants, evidenced by the fact that Terry knowingly directed business to a Louisiana-based entity and transacted business within the borders of this state. (*Id.* at p. 5.) Plaintiffs further allege that Terry contacted Fornea to propose a business relationship. (*Id.*)

Regarding the public concern factors, Plaintiffs offer various local interests weighing against

6

transfer, such as Louisiana's interest in the "protection of its citizens from non-residents who cause financial damage through breach of contract with its citizens." (*Id.* at p. 6.) Moreover, Plaintiffs point to Louisiana's economic interest in ensuring that Louisiana citizens recover taxable income that is owing. (*Id.*) Finally, Plaintiffs cite Louisiana's interest in having its laws on contracts and open accounts determined by a court familiar with Louisiana law. (*Id.*) Plaintiffs argue that Texas is "unfamiliar with Louisiana law and there is a reasonable risk of misapplication of Louisiana law by a Texas court." (*Id.*) Furthermore, Plaintiffs propose that a "transfer of venue may unnecessarily cause Texas to apply its own laws under a perceived conflict of laws application." (*Id.*)

Considering the arguments presented by both sides, the Court is not persuaded that Defendants have met their burden of demonstrating that the § 1404(a) factors weigh in favor of transferring the case out of Plaintiffs' chosen forum.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Transfer Venue (Rec. Doc. 3)** filed by Defendants should be and is **DENIED.**

October 31, 2007

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE